# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

HILLARY J. LEARNED

              **Plaintiff,**              Case No. 3:05-cv-268

vs.                                   Judge Thomas M. Rose

MICHAEL J. ASTRUE,            Magistrate Judge Sharon L. Ovington
**Commissioner of Social Security,**

              **Defendant**.

---

**ENTRY AND ORDER OVERRULING THE COMMISSIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #25); ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #24) IN ITS ENTIRETY; VACATING THE COMMISSIONER'S NON-DISABILITY FINDING AND REMANDING THIS MATTER TO THE COMMISSIONER**

---

Plaintiff Hillary J. Learned ("Learned") has brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying her application for Social Security benefits. On February 17, 2009, United States Magistrate Judge Sharon L. Ovington filed a Report and Recommendations (doc. #24) recommending that the Commissioner's decision that Learned was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated. Magistrate Judge Ovington also recommends that this matter be remanded. The Commissioner subsequently filed Objections (doc. #26). The time has run and Learned has not responded to the objections.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's

Report and Recommendations (doc. #24) and in the Commissioner's Objections (doc. #25), as

well as upon a thorough de novo review of this Court's file, including the Administrative

Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report

and Recommendations in its entirety and, in so doing, orders that the Commissioner's non-

disability finding be vacated and that this case be remanded to the Commissioner for further

consideration consistent with the Magistrate Judge's Report and Recommendations. Finally, the

Commissioner's Objections to the Magistrate Judge's Report and Recommendations are

overruled.

This Court's function is to determine whether the record as a whole contains substantial

evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v.*

*Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007).This court must also

determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the Commissioner's findings must be

affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), citing

*Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of*

*Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6thCir. 1984). Substantial

evidence is more than a mere scintilla, but only so much as would be required to prevent a

directed verdict (now judgment as a matter of law) against the Commissioner if this case were

being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right. *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ failed to evaluate or weigh the 2003 opinions of treating physician Dr. Kaiser as required by the Social Security Regulations. Further, the ALJ accepted part of Dr. Kaiser's 2005 opinions. Yet, no reasons were given for accepting part of Dr. Kaiser's opinions and rejecting other parts. The Regulations require the ALJ to provide good reasons for declining to apply weight to Dr. Kaiser's opinions, particularly the 2003 opinions. Further, this error was not harmless

WHEREFORE, based upon the aforesaid, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations (doc. #25) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #24) in its entirety. The Commissioner's non-disability finding is VACATED. This Court makes no finding as to whether Learned was under a disability within the meaning of the Social Security Act and this matter is REMANDED to the Commissioner for further consideration consistent with the Magistrate Judge's Report and Recommendations.

The captioned cause is hereby ordered terminated upon the docket records of

the United States District Court for the Southern District of Ohio, Western Division,

at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirtieth day of March, 2009.

.                                                            **s/Thomas M. Rose**

_____
JUDGE THOMAS M. ROSE
UNITED STATES DISTRICT COURT


Copies furnished to:

Counsel of Record